# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| ARTURO ELIZONDO, JR.<br>　　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 1:19-cv-00459-TH |
| ADHAN ABBIKADIR AND MBA<br>TRANSPORT OF COLUMBUS, LLC<br>　　　Defendants | §<br>§<br>§ | |

## DEFENDANT ADHAN ABBIKADIR'S ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE SENIOR UNITED STATES DISTRICT JUDGE:

Defendant ADHAN ABBIKADIR files this Answer to Plaintiff's Original Petition.

### I.　　DISCOVERY CONTROL PLAN LEVEL

1. Paragraph 1 does not require a response as no allegations are made and the matter has been removed to Federal Court, rendering a discovery level in state court moot.

### II.　　PARTIES AND SERVICE

2. Defendant lacks the knowledge or sufficient information to admit or deny Paragraph 2.

3. Defendant lacks the knowledge or sufficient information to admit or deny Paragraph 3.

4. Defendant admits Adhan Abbikadir is a resident of Clakston, GA as stated in Paragraph 3.

5. Defendant admits MBA Transport of Columbus, LLC is a nonresident corporation. However, Defendant lacks the knowledge or sufficient information to admit the remaining portions of Paragraph 5.

### III.　　JURISDICTION AND VENUE

6. Defendant admits that the Eastern District, Beaumont Division has jurisdiction over the subject matter of this suit, and that the monetary damages sought are within this Court's jurisdiction.

7. Defendant admits that Plaintiff seeks the monetary relief in Paragraph 7.a.; however, Defendant denies that Plaintiff is entitled to such damages from Defendants.

8. Defendant admits that the events purportedly giving rise to Plaintiff's claims occurred in Jefferson County and that venue is proper in the Eastern District, Beaumont Division as a result. As Defendant has entered an appearance in this case, there is no response required to the remaining allegations in Paragraph 8.

9. As Defendant has entered an appearance in this case, there is no response required to the allegations in Paragraph 9.

10. Defendant admits that the events purportedly giving rise to Plaintiff's claims occurred in Jefferson County. Defendant denies any omissions or wrongful conduct on his part.

11. Defendant lacks the knowledge or sufficient information to admit or deny Paragraph 11.

12. Defendant lacks the knowledge or sufficient information to admit or deny Paragraph 12.

13. Defendant lacks the knowledge or sufficient information to admit or deny Paragraph 13.

14. Defendant lacks the knowledge or sufficient information to admit or deny Paragraph 14.

15. Defendant admits that the events purportedly giving rise to Plaintiff's claims occurred in Jefferson County and that venue is proper in the Eastern District, Beaumont Division as a result.

## IV.    FACTS

16. Defendant admits that he was involved in an auto accident on July 26, 2017 while traveling west on Interstate 10 near mile marker 841 in Jefferson County, Texas. As Defendant is an owner/operator, he denies acting in the course and scope of his employment "as a driver for MBA Transport of Columbus, LLC." Defendant admits he was driving under a lease agreement with MBA Transport of Columbus, LLC and transporting goods in connection with same at the time of the accident. Defendant denies

he failed to control his speed. Defendant was faced with an unavoidable accident and/or sudden emergency when the vehicle in front of him braked without warning, and Defendant admits in his maneuvering to avoid collision with the small braking vehicle, he collided with the back of the trailer Plaintiff Elizondo was hauling.

17. Defendant admits the allegations in Paragraph 17.

## V. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST ADHAN ABBIKADIR

18. Paragraph 18 does not require a response as it pertains to a proposition of law. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19. Defendant specifically denies the allegations in Paragraph 19.

20. Defendant specifically denies the allegations in Paragraph 20, including sub-paragraph sections a. through f.

## VI. PLAINTIFF'S CLAIM OF RESONDEAT SUPERIOR AGAINST MBA TRANSPORT OF COLUMBUS, LLC

21. Paragraph 21 does not require a response as it pertains to a proposition of law. To the extent a response is required, Defendant denies the allegations in Paragraph 21 as he was an owner/operator.

22. Defendant admits he was driving under a lease agreement with MBA Transport of Columbus, LLC and transporting goods in connection with same at the time of the accident. Defendant denies any remaining allegations in Paragraph 22.

23. Defendant admits he was driving under a lease agreement with MBA Transport of Columbus, LLC and transporting goods in connection with same at the time of the accident. Defendant denies any remaining allegations in Paragraph 23.

24. Paragraph 24 does not require a response as it pertains to a proposition of law. To the extent a response is required, Defendant denies the allegations in Paragraph 24.

## VII. PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMEN AGAINST MBA TRANSPORT OF COLUMBUS, LLC

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant specifically denies the allegations in Paragraph 28.

29. Defendant specifically denies the allegations in Paragraph 29.

## VIII. DAMAGES FOR PLAINTIFF, ARTURO ELIZONDO, JR.

30. Defendant admits that Plaintiff seeks the damages as set forth in Paragraph 30, including sub-paragraph sections A. through P.; however, Defendant denies that Plaintiff is entitled to recover such damages from Defendants.

### AFFIRMATIVE DEFENSES

31. The incident complained of in Plaintiff's Petition was caused by the negligence and carelessness on the part of Plaintiff, and this was the sole cause or at least a proximate cause of the incident made the basis of the lawsuit.

32. Defendant will further show that Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating his damages.

33. Plaintiff suffered from pre-existing injuries.

34. Defendant will further show that Plaintiff's damages, if any, were not proximately caused by any acts or omissions of Defendants.

35. Defendant will further show that in the unlikely event Plaintiff is adjudged to be entitled to any damages in this matter, which is denied, Plaintiff is not entitled to recover prejudgment interest on any future damages. Defendant would show that, as a matter of

law, interest on damages yet to accrue is not compensatory and is, consequently, a penalty would not be imposed even absent a finding of gross negligence, or rather, for a lesser level or degree of culpability for which a penalty is not authorized by law.

36. Defendant will further show that if pre-judgment interest or post-judgment interest is recoverable in this case, it is limited in accordance with the law.

37. Defendant will further show that to the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries made the basis of this suit, in the unlikely event Plaintiff obtains a final judgment against Defendants, Defendant would respectfully show he is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to TEX. CIV. PRAC. & REM. CODE § 41.0105.

38. Defendant will further show that on the date of the accident, Defendant was presented with a sudden emergency and the resulting accident was an unavoidable accident.

**PRAYER**

WHEREFORE, Defendant ADHAN ABBIKADIR prays that Plaintiff takes nothing by way of this suit; that Judgment be entered for Defendant; that Defendant recover costs of Court and reasonable and necessary attorneys' fees; and that Defendant has any other and further relief, at law or in equity, to which he may show himself justly entitled.

        Respectfully submitted,

        **SHEEHY, WARE & PAPPAS, P.C.**

        _____
        **GEORGE P. PAPPAS**
        State Bar No. 15454800
        Federal Bar No. 2905
        2500 Two Houston Center
        909 Fannin Street
        Houston, Texas 77010
        Telephone: (713) 951-1000
        Facsimile: (713) 951-1199
        **gpappas@sheehyware.com**

        **ATTORNEY-IN-CHARGE FOR DEFENDANT,**
        **ADHAN ABBIKADIR**

**OF COUNSEL:**
Vasilia M. Wilkes
State Bar No. 24051452
Federal Bar No. 955230
Sheehy, Ware & Pappas, PC
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
Telephone: (713) 951-1000
Facsimile: (713) 951-1199
**vwilkes@sheehyware.com**

**ATTORNEY FOR DEFENDANT,**
**ADHAN ABBIKADIR**

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record on October 3, 2019, by electronic service and email.

*Attorneys for Plaintiff*
Matthew Gallagher
**Gallagher Law, PLLC**
917 Franklin St., Fourth Floor
Houston, TX 77002
**matthew@mgg-law.com**

_____
George P. Pappas