IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ARTURO ELIZONDO, JR.<br>　　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 1:19-cv-00459-TH |
| ADHAN ABBIKADIR AND MBA<br>TRANSPORT OF COLUMBUS, LLC<br>　　　Defendants | §<br>§<br>§ | |

### DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
### ON PLAINTIFF'S LOSS OF INCOME CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Adhan Abbikadir and MBA Transport of Columbus, LLC file this Motion for Partial Summary Judgment as to Plaintiff's loss of income claims. Plaintiff's employment records confirm that on June 25, 2018, 11 months following the July 26, 2017 accident of which he complains, he was determined as meeting the standards in 49 CFR 391.41[1] qualifying for a 2-year certificate to operate a commercial motor vehicle. Despite claims of loss of future earning capacity, Plaintiff has produced no evidence to contradict this medical clearance. As such, Defendant is entitled to summary judgment as a matter of law on Plaintiff's loss of income claims. In support, Defendants would show unto the Court as follows:

### I.
### Background

This lawsuit arises out of a motor vehicle accident between 2 semi-tractor trailers occurring on July 26, 2017. As Plaintiff was working for his employer Tideport Distributing, Inc. at the time of this accident, he sought and obtained workers' compensation benefits from Texas Mutual Insurance Company in the amount of $22,638.91. ***Exhibit 1***, Plaintiff's Original

---

[1] Physical Qualifications for Drivers – requiring medical certification for commercial drivers to operate commercial vehicles.

Petition in *Cause No. 2017-DCL-01633: Texas Mutual Insurance Company as Subrogeee of Arturo Elizondo v. MBA Transport of Columbus, LLC and Adkan Abbikadir*; in the 136th District Court of Jefferson County, Texas, ¶13. Thereafter, Texas Mutual Insurance Company filed a subrogation matter against Defendants to recover the monies paid for Plaintiff's claimed injuries and damages – both for medical treatment and lost wages. *Id.* The subrogation matter has since resolved. Nonetheless, Plaintiff asserts the workers' compensation benefits he received were insufficient to cover all of his alleged damages sustained in the accident. Therefore, Plaintiff has filed suit for damages against Defendants for those claimed damages.

Plaintiff's Original Petition filed July 25, 2019 seeks monetary relief over $200,000 but not more than $1,000,000 based on his claimed injuries and damages. Doc. 1-1, ¶7.a. Plaintiff alleges Defendants were negligent in connection with the accident – Mr. Abbikadir in his operation of the tractor-trailer and MBA Transport of Columbus, LLC in the context of *respondeat superior* and negligent entrustment of the vehicle to Mr. Abbikadir. *Id.* at ¶¶21-29.

On September 26, 2019, the matter was removed to federal court based on diversity jurisdiction. Doc. 1. The Case Management Conference was held on January 27, 2020, wherein the court issued the original Scheduling Order. Doc. 11. Pursuant to that order, Plaintiff was to designate experts and provide reports no later than May 26, 2020. *Id.* Plaintiff made no such designation nor provided reports.

Following a telephonic conference held with the Court on June 25, 2020, the parties filed an Agreed Motion to Amend Scheduling Order. Doc. 16. Pursuant to the First Amended Scheduling Order, Plaintiff was to designate experts and provide expert reports by August 26, 2020. Doc. 17. Plaintiff has not designated experts to date.

## II.
## Summary Judgment Standard and Evidence

Summary judgment is proper in any case where there is no genuine issue of material fact.

FED. R. CIV. PROC. 56. The purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

A party may move for summary judgment, identifying each claim on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *See id.* Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the records showing that there is a genuine issue for trial. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

In support of this Motion, Defendants attach the following evidence, which is incorporated herein by reference as if fully set forth at length for all purposes:

> **Exhibit 1**   Plaintiff's Original Petition in *Cause No. 2017-DCL-01633: Texas Mutual Insurance Company as Subrogeee of Arturo Elizondo v. MBA Transport of Columbus, LLC and Adkan Abbikadir*; in the 136th District Court of Jefferson County, Texas
>
> **Exhibit 2**   Tideport Distributing, Inc. Payroll Records for Arturo Elizondo
>
> **Exhibit 3**   Tideport Distributing, Inc. Personnel Records for Arturo Elizondo

**II.**
**Arguments in Support of Summary Judgment**

Plaintiff is a truck driver and has worked as such with Tideport Distributing, Inc. since 2003. *Exhibit 2*, Tideport Distributing, Inc. Payroll Records for Arturo Elizondo, 00001. Plaintiff's payroll records confirm he has received no change in job title following this accident

as he is still listed as belonging to the "CV-Drivers" department. *Id.* Furthermore, Plaintiff's personnel records contain a June 25, 2018 notice from Gonzalez Family & Occupational Medicine finding he is "able to perform the essential functions of this job without accommodations." ***Exhibit 3***, Tideport Distributing, Inc. Personnel Records for Arturo Elizondo, 00245. Indeed, the Medical Examiner Determination marks: "Meets standards in 49 CFR 391.41; qualifies for 2-year certificate." *Id.* at 00248.

Despite Plaintiff's claims that he has lost income in the past and will lose income in the future, the evidence obtained to date does not support Plaintiff's claims. Plaintiff has failed to produce records or evidence demonstrating that he has actually been deemed unable to perform his job as a truck driver. Therefore, summary judgment on his claims of past or future loss of income is proper as he is unable to prove either proximate cause or damages, two essential elements of his claim.

For the foregoing reasons, Defendants request that the Court grant its Motion for Partial Summary Judgment in all respects, and that the Court grant all other relief to which Defendants may show themselves to be justly entitled.

    Respectfully submitted,

    **SHEEHY, WARE & PAPPAS, P.C.**

    _____
    GEORGE P. PAPPAS
    State Bar No. 15454800
    Federal Bar No. 2905
    909 Fannin Street, Suite 2500
    Houston, Texas 77010
    Telephone: (713) 951-1000
    Facsimile: (713) 951-1199
    gpappas@sheehyware.com

    **ATTORNEY-IN-CHARGE FOR**
    **DEFENDANTS**

OF COUNSEL
Vasilia M. Wilkes
State Bar No. 24051452
Federal Bar No. 955230
Sheehy, Ware & Pappas, PC
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
Telephone: (713) 951-1000
Facsimile: (713) 951-1199
vwilkes@sheehyware.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record on September 10, 2020, by electronic service and email.

*Attorneys for Plaintiff*
Matthew Gallagher
**Gallagher Law, PLLC**
917 Franklin St., Fourth Floor
Houston, TX 77002
matthew@mgg-law.com

George P. Pappas