IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ARTURO ELIZONDO, JR.,<br><br>        Plaintiff,<br>vs.<br><br>ADHAN ABBIKADIR and MBA TRANSPORT OF COLUMBUS, LLC,<br><br>        Defendants. | NO. 1:19-CV-00459-TH-ZJH |

## REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS FOR WANT OF PROSECUTION

This case is assigned to the Honorable Thad Heartfield, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Doc. No. 6. Pending before the undersigned is Defendants Adhan Abbikadir and MBA Transport of Columbus, LLC's *Objections to Plaintiff's Presentation of Evidence at Trial and Motion to Dismiss for Want of Prosecution.* Doc. No. 43. Because lesser sanctions would prove futile and at least two aggravating factors are present, the undersigned recommends that the court grant Defendants' motion.

### I.   Background

On July 25, 2019, Plaintiff Arturo Elizondo filed a negligence lawsuit in state court after Defendants' vehicle allegedly caused him severe bodily injury. Doc. No. 1-1. On September 26, 2019, Defendants removed the case to this court. Doc. No. 1.

The parties' first agreed Scheduling Order set the discovery deadline for October 5, 2020. Doc. No. 11. On July 7, 2020, the undersigned granted the parties' joint request to extend that deadline to January 5, 2021. Doc. Nos. 16, 17. On April 19, 2021, the undersigned again granted

the parties' joint request to extend the discovery deadline, this time to October 4, 2021.  Doc. Nos. 23, 24.  On January 24, 2022, the undersigned declined to extend the discovery deadline yet again but reset the recently expired deadline to file the Joint Pretrial Order to March 28, 2022.  Doc. No. 27.  On March 29, 2022, the undersigned denied the parties' joint request to continue that deadline to June 27, 2022; instead, the undersigned extended it to May 27, 2022.  Doc. Nos. 30, 31.

Defendants contend that Plaintiff's participation in discovery has been extremely limited.  Defendants filed a *Rule 26(f) Case Management Plan* "without any input from Plaintiff" on December 3, 2019 (Doc. No. 5), and Plaintiff allegedly failed to provide all the applicable required initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A).  Doc. No. 43 at 3.  Defendants also claim that Plaintiff has failed to propound a single discovery question, serve a single deposition notice, provide medical records that would prove the extent of his injuries, or designate experts.  *Id*. at 3-4.  During the 2020 calendar year, Plaintiff did, however, produce documents once, appear at two scheduling conferences, and respond to Defendant's Motion for Partial Summary Judgment.  Doc. No 20.

As trial now draws near, Plaintiff has allegedly ignored Defendants completely—save for agreeing to extend the Joint Pretrial Order deadline.  On May 31, 2022, Defendants filed their *Final Pre-Trial Order* even though Plaintiff had ignored Defendants' communications over the previous weeks; Defendants contend that that silence continues until today.  Doc. No. 41; Doc. No. 43 at 4.  Further, Plaintiff has failed to file an exhibit list, witness list, or motions in limine per court deadlines.  Doc. No. 43 at 4.  On June 6, 2022, Defendants filed the pending *Objections to Plaintiff's Presentation of Evidence at Trial and Motion to Dismiss for Want of Prosecution.*  Doc. No. 43.  Defendants object to Plaintiff admitting any documents or testimony as evidence at trial, and they move the court to dismiss the case in its entirety for want of prosecution.  *See* FED. R.

CIV. P. 41(b). Plaintiff did not respond to the motion, and the time for doing so has passed. A final status conference is currently set for July 18, 2022, where the court will set a trial date. Doc. No. 31.

## II. Discussion

A defendant may move to dismiss a claim for a plaintiff's failure to prosecute his case. FED R. CIV. P. 41(b); *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 242 (5th Cir. 1993). Because it "operates as an adjudication on the merits," such a dismissal is typically with prejudice. *See* FED R. CIV. P. 41(b); *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 560 (5th Cir. 2018); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (dismissal designated "with prejudice" is "normally an adjudication on the merits for purposes of *res judicata*"). Whether or not to dismiss an action for failure to prosecute is an "inherent power of the court, to be exercised in the district court's discretion." *Ford v. Sharp*, 758 F.2d 1018, 1021 (5th Cir. 1985).

That said, dismissal with prejudice for failure to prosecute is an "extreme" sanction that should be wielded "only when the plaintiff's conduct has threatened the integrity of the judicial process [in a way which leaves] the court no choice but to deny that plaintiff its benefits." *Markwell v. Cnty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989) (alteration in original). To that end, a district court should dismiss for failure to prosecute only when "there is a clear record of delay or contumacious conduct by the plaintiff." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Further, the court must "expressly" determine that lesser sanctions would not prompt diligent prosecution or would prove futile. *Id*. Finally, to dismiss for failure to prosecute, at least one of three aggravating factors should be present: "(1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual

prejudice to the defendant, and (3) whether the delay was the result of intentional conduct." *Ford*, 758 F.2d at 1021.

### A. Availability of Lesser Sanctions

A district court must consider lesser sanctions before dismissing the case. In fact, "even if the record 'teems' with instances of delay or other egregious behavior, a district court cannot impose the extreme sanction of dismissal unless the court first finds that a lesser sanction would not [serve] the interests of justice." *S.E.C. v. First Hous. Cap. Res. Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992). The Fifth Circuit won't "infer" that the district judge weighed alternative sanctions—he must "expressly consider[]" them. *Id*. Failure to consider lesser sanctions is "fatal to the legitimacy of the judgment." *Elizondo v. Pilgrim's Grp., Inc.*, 100 F.3d 952 (5th Cir. 1996).

The undersigned has thoroughly considered what measures—besides dismissal—would rouse Plaintiff to action at this late juncture. With the final status conference only two weeks away, viable options are limited. The undersigned could require Plaintiff to try his case bereft of the witnesses and exhibits for which he failed to provide lists, but such a trial would border on farcical. Alternatively, the undersigned could continue deadlines yet again, but this has already been done four times. And as this case approaches three years old, another continuance would almost certainly prove futile and would further prolong justice. The undersigned warned the parties that their latest request to amend the scheduling order would "needlessly delay this case's resolution even further," yet Plaintiff still failed to provide required pretrial information by the new deadline. Doc. No. 31. This unheeded warning suggests that nothing but dismissal will achieve the proper resolution of this case. *See Bernard v. Grefer*, Civ. A. No. 14-887, 2015 WL 3465990, at *3 (E.D. La. June 1, 2015) (unheeded warnings "further persuaded" court that dismissal was proper).

Accordingly, lesser sanctions would not serve the interests of justice. *See First Hous.*, 979 F.2d at 382.

### B. Aggravating Factors

Futility of lesser sanctions is just the first step towards dismissing with prejudice. The district court should also examine the presence of three aggravating factors: "(1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct." *Ford*, 758 F.2d at 1021.

#### 1. Plaintiff Himself or Attorney

If the plaintiff's counsel—not the plaintiff himself—is responsible for delays and failures to comply with court orders, then the "harsh" sanction of dismissal is not warranted. *Lincoln v. Danner*, Civ. A. No. 14-393, 2015 WL 5307709, at *3 (E.D. La. Sept. 10, 2015). If, on the other hand, a plaintiff is solely responsible for his own recalcitrance, then this factor favors dismissal. *See, e.g.*, *Hernandez v. Wal-Mart Stores Tex., LLC*, No. 4:15-CV-415-ALM-CAN, 2016 WL 3545537, at *2 (E.D. Tex. June 1, 2016), *R. & R. adopted*, No. 4:15-CV-415, 2016 WL 3523917 (E.D. Tex. June 28, 2016). If it's "not clear" who's responsible, but the plaintiff is a "sophisticated business person," then a court may infer that the plaintiff himself is blameworthy. *See Glasper v. Morgan*, Civ. A. No. 06-5897-CJB-SS, 2008 WL 1746705, at *6 (E.D. La. Apr. 11, 2008).

Here, the record does not indicate whether Plaintiff himself or his counsel is responsible for failing to comply with court deadlines. Defendants' Motion to Dismiss refers simply to "Plaintiff's" failures, and the undersigned's independent examination of the docket does not illuminate who is to blame. Further, there is no evidence of Plaintiff's potential business sophistication. Accordingly, this factor is neutral on dismissal.

2. Actual Prejudice to Defendants

The court must also decide how much prejudice Defendants would suffer if the case proceeds. If defendants "incur further costs in defense of the action" despite a plaintiff marshalling no evidence to support his allegations, then prejudice is "manifest." *Sanderson v. Barber's Truck Serv.*, Civ. A. No. 05-5016-AJM-SS, 2006 WL 1984541, at *2 (E.D. La. May 17, 2006), *R. & R. adopted*, Civ. A. No. 05-5016-AJM-SS, 2006 WL 1985460 (E.D. La. July 7, 2006). In the same vein, preparing for trial without "essential discovery" or a witness list causes obvious prejudice to a defendant. *Slayton v. Adm'rs of Tulane Educ. Fund*, Civ. A. No. 02-1946, 2003 WL 23009090, at *1 (E.D. La. Dec. 17, 2003); *Green v. Lockheed Martin Logistics Mgmt., Inc.*, Civ. A. No. 98-2937, 2000 WL 1772659, at *3 (E.D. La. Nov. 30, 2000). Defendants here lack a witness list, exhibit list, and essential discovery. At this point, proceeding to trial would require Defendants to expend resources without so much as Plaintiff's theory of the case. The undersigned has no choice but to find that a trial would result in actual prejudice to Defendants. Accordingly, this factor favors dismissal.

3. Intentional Conduct

Finally, the court must decide whether Plaintiff's failings were intentional. Failing to file initial disclosures or give any explanation for this failure, even when made the subject of a motion to dismiss, compels the court to conclude that such acts are intentional. *See Royal & Sun/All. v. Steadfast Ins. Co.*, No. CV B-06-124, 2007 WL 9761409, at *6 (S.D. Tex. Sept. 5, 2007). If a plaintiff has selectively chosen which filings to respond to, then the court must assume that his failure to respond to others is "deliberate." *Bernard*, 2015 WL 3465990, at *3. Put simply, "it is difficult to imagine how a plaintiff can disobey a court order more willfully or in worse faith than

when [he] has knowledge of the order and deliberately disobeys it. *Holden v. Simpson Paper Co.*, 48 F. App'x 917 (5th Cir. 2002).

Here, Plaintiff neither provided initial disclosures nor a reason why, even when Defendants filed the pending motion. Plaintiff has also selectively chosen to co-sign certain continuance motions but nonetheless failed to file pretrial documents, which suggests deliberate conduct. And by failing to comply with the latest scheduling order—a scheduling order he asked for—Plaintiff has willfully disobeyed a court order. All of this amounts to intentional conduct. Accordingly, this factor favors dismissal.

        4. Review of Aggravating Factors

In sum, it's unclear whether the failures to participate in discovery and comply with court orders is Plaintiff's fault or his attorney's, but it's clear that the conduct has been prejudicial to Defendants and intentional. The factors favoring dismissal outweigh the factors weighing against by a tally of at least two to one. Like in this case, at least one court in this circuit has granted dismissal when the first factor was "silent" but the other two weighed in favor of dismissal. *See Royal & Sun/All.*, 2007 WL 9761409, at *6 (dismissing when plaintiff had yet to provide initial disclosures despite trial looming one week away). In fact, another court has granted dismissal when just one factor was met. *See Duperon v. Mizell*, No. CV 06-3325-SS, 2007 WL 9761610, at *3 (E.D. La. Jan. 8, 2007) (dismissing with evidence of only intentional conduct), *aff'd on other grounds*, 265 F. App'x 348 (5th Cir. 2008). All told, the aggravating factors present here qualify this case for dismissal.

### III.   Conclusion and Recommendation

Plaintiff Arturo Elizondo has exhibited a pattern of dilatory and contumacious conduct. Lesser sanctions would prove futile, and at least two of three aggravating factors are present.

7

Accordingly, the undersigned recommends that the court **GRANT** Defendants Adhan Abbikadir and MBA Transport of Columbus, LLC's *Objections to Plaintiff's Presentation of Evidence at Trial and Motion to Dismiss for Want of Prosecution.* Doc. No. 43.

### IV.    Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 5th day of July, 2022.

_____
Zack Hawthorn
United States Magistrate Judge